IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL NO. 2:12-cv-34

| | |
|---|---|
| ASSET HOLDING COMPANY 5, LLC, as assignee of UNITED COMMUNITY BANK (GEORGIA), | ) ) ) ) |
| Plaintiff, | ) **GREAT OAK NC LENDER LLC'S REPLY** |
| | ) **BRIEF IN SUPPORT OF ITS RULE 59(e)** |
| vs. | ) **MOTION FOR RELIEF FROM** |
| | ) **JUDGMENT** |
| MARSHALL E. CORNBLUM; MADELINE H. CORNBLUM; MICHAEL CORNBLUM; CAROLYN CORNBLUM; and LONGBRANCH PROPERTIES, LLC, | ) ) ) ) |
| | ) |
| Defendants. | ) |

Defendants assert two reasons why the Court should deny Great Oak's Rule 59(e) Motion for Relief from Judgment. Neither has any merit.

**A.      Great Oak Has Standing Under Rule 59(e) To Seek Reconsideration Of The Court's Order Denying Intervention.**

Defendants assert Great Oak does not have standing to bring a Rule 59(e) motion seeking reconsideration of the Court's denial of Great Oak's motion for intervention because Great Oak is not a party to the action between AHC and Defendants. [Doc. 45 at 4-5].

In the first place, nowhere in the language of Rule 59(e) is the application of that Rule limited to motions brought by a party to the action. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). As the court observed in *Medical Billing, Inc. v. Medical Management Sciences*, 169 F.R.D. 325, 327 (N.D. Ohio 1996), the language of Rule 59(e) "appears to allow non-parties to move for alteration or amendment of judgments." There the court held that counsel for the defendant,

although not a party to the action, had standing to move under Rule 59(e) to alter or amend a sanction order the court had issued against counsel, noting "the importance and serious nature of the issues." *Id.*

The issues here are similarly important and serious to Great Oak, yet Defendants would put Great Oaks in a procedural box where it is disqualified from seeking relief from a ruling that adjudicated a motion brought by Great Oak. If Great Oak had standing to bring a motion to intervene in the first place (which it clearly did, pursuant to Rule 24 of the Federal Rules of Civil Procedure), then Great Oak also has standing to seek Rule 59(e) relief from the Court's adjudication of that Rule 24 motion.[1]

Another way of looking at it is to say that, while Great Oak was not a party to the case, it

---

[1] Defendants cite to *United States v. District Council of N.Y.*, No. 90 Civ. 5722, 2007 WL 3196136, at * 1 (S.D.N.Y. Oct. 26, 2007), in which the court held that Rule 59(e) was limited to motions brought by parties to the action. While that case is, in any event, factually inapposite (*see infra* at 3-4), the court's analysis of the language of Rule 59(e) is questionable. The court relies on a version of Rule 59(e) that existed prior to 2009. Quoting from subpart (a) of the pre-2009 version, which referenced the granting of a new trial "*to all or any of the parties*," as well as from subpart (b), which referenced amendment on "*a party's motion*," the court held that the same limitation *to parties* "clearly extends" to subpart (e) of the Rule as well. *Id.* The continuing validity of the court's analysis is in question now that the language in subparts (a) and (b) of Rule 59 on which the court relied was left out from the Rule in the 2009 amendments. But even as to the language then before the court, the court did not explain why the same limitation found in subpart (a) and (b) "clearly" was meant to be extended to subpart (e) when subpart (e) did *not* have the same limiting language in it. Moreover, even the references to "party" or "parties" in subparts (a) and (b) did not necessarily mean that those rules were limited in all cases to motions brought by parties to the action. For instance, Rule 60(b) also expressly refers to relief a court may grant "*to a party or its legal representative*" (Fed. R. Civ. P. 60(b)), yet courts have held that non-parties have standing to bring a Rule 60(b) motion if they are "sufficiently connected and identified" with the case. *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 188 (2d Cir. 2006) (third party had standing to bring Rule 60(b) motion where third party was "strongly affected" by the judgment); *In re Lawrence*, 293 F.3d 615, 627 (2d Cir. 2002) (non-party may bring Rule 60(b) motion where its "interests are strongly affected"). The same flexible approach should be applied under Rule 59(e) to determine the standing question on a case by case basis.

*was* a party to the motion for intervention. In a case directly on point, *United States v. Manville Sales Corp.*, No. 88 C 630, 2005 WL 526695, (N.D. Ill. Mar. 2, 2005), the Northern District of Illinois drew this very distinction in the context of a motion to intervene. There, the court held that a party moving to intervene can file a Rule 59(e) motion for relief from the denial of intervention because the movant *is a party insofar as the order denying intervention is concerned*:

> "[T]here are two final judgments in this case. First, there is . . . the FACD [First Amended Consent Decree]. . . . Second, there is the court's order denying the Society's motion to intervene. . . . The Society does not have standing to file a Rule 59(e) . . . motion with respect to the FACD. The Society was denied intervention and thus is not a party to the final judgment entering the FACD. However, the Society does have standing to file a Rule 59(e) . . . motion with respect to the denial of intervention because the Society was a party to the motion to intervene. The motion to intervene was in fact the Society's motion."

*Id.*, at *1.

The cases on which Defendants rely, in contrast to the situation here and in *Manville Sales Corp.*, 2007 WL 3196136, all involved a non-party seeking Rule 59(e) relief from an order or judgment adjudicating the rights of others in which the non-party had not participated. For instance, in *District Council of N.Y.*, 2007 WL 3196136, the non-party was the District Council, which moved under Rule 59(e) for alteration or amendment of the court's order adjudicating the rights of the parties in the case on the ground that the order contained "factual inaccuracies," which the District Council asserted could be used against it in unspecified future proceedings. *Id.*, at *1. The court rejected the District Council's right to seek alteration of the judgment between the parties to the case, noting that the District Council, as a non-party to the case, would not be bound in future proceedings to which it was a party by the asserted factual inaccuracies

3

and therefore would suffer no prejudice from being denied standing under Rule 59(e). *Id.*

Similarly, the non-party in *Scutieri v. Revitz*, 829 F. Supp. 387 (S.D. Fla. 1993), was the plaintiffs' former law firm, which moved for amendment of or relief from a judgment entered against the defendant and in favor of the plaintiffs on a $14.3 million jury verdict. The former law firm's Rule 59(e) motion sought recognition in the judgment of a lien the former law firm claimed it had on the judgment based on its retainer agreement with the plaintiffs. The court expressed the view that the former law firm's non-party status "appear[ed] to preclude the relief it seeks," but then went on to hold that, in any event, the former law firms' Rule 59(e) motion should be denied because it was not timely. *Id.* at 390-91.

Apart from these two factually inapposite cases, Defendants also cite two cases that actually illustrate the distinction between a non-party seeking Rule 59(e) relief as to an order that (1) adjudicated a motion brought by the non-party, versus (2) adjudicated motions or issues between the parties in the case in which the non-party had no direct involvement.

For instance, Defendants cite *In re Nasdaq Market-Makers Antitrust Litigation*, 184 F.R.D. 506 (S.D.N.Y. 1999), a class action in which a class member (Genins) sought to intervene. The court denied the motion to intervene, and approved the proposed settlement of the parties to the action. *Id*. at 509. Genins then moved the court to reconsider both its denial of intervention as well as the order granting approval to the class action settlement. *Id*. at 510. Under the Defendants' theory, the court should have held that Genins did not have standing as to either of its motions. But the court did not do so. Instead, the court considered and ruled on Genins' motion to reconsider the court's denial of his intervention motion. *Id.* It was only then, after denying Genins' motion to reconsider denial of the intervention motion, that the court held Genins did not have standing under Rule 59(e) to move to alter or amend the class action

4

settlement, reasoning that, because Genins had been denied intervention, he lacked standing to challenge the parties' settlement. *Id*. at 511.

A similar situation was presented in another case cited by Defendants -- *In re Lease Oil Antitrust Litigation (No. II)*, MDL No. 1206, 2008 WL 356505 (S.D. Tex. Jan. 30, 2008). There, the State of Texas brought a motion to intervene, and, at the same time filed a Rule 59(e) motion asking the court to amend the manner in which the final judgment in the case handled unclaimed settlement funds. *Id*., at *1. The court denied the motion to intervene as being untimely. *Id.* The court then went on to hold that, since it had denied the State's motion to intervene, the State was not a party and could not seek to amend the judgment. *Id*., at *2.

Nothing in either *In re Nasdaq* or *In re Lease Oil* even arguably supports Defendants' argument that Great Oak lacks standing to seek to alter or amend the August 12, 2013 order insofar as that order denied Great Oak the right to intervene. Great Oak has standing to seek Rule 59(e) relief because the relief it seeks relates solely to the portion of the Court's August 9, 2013 order that denied Great Oak's intervention motion. Great Oak has not sought Rule 59(e) relief as to any other portion of the August 12, 2013 order or any other order in the case.[2]

---

[2] If the Court determines that a technical interpretation of Rule 59(e) prevents Great Oak from invoking that Rule, then it still could consider Great Oak's motion under two alternative rules. First, the Court could treat Great Oak's motion as a Rule 60(b) motion for relief from judgment. *See supra* n.1. Great Oak's interests in this case not only are "strongly affected" by the Court's August 12, 2013 order, but Great Oak has acquired the actual interest formerly owned by the original plaintiff, AHC-5. In the alternative, the Court could treat Great Oak's Rule 59(e) motion as a renewal of its Motion for Intervention. *See Tweedle v. State Farm Fire & Cas. Co*., 527 F.3d 664, 671 (8th Cir. 2008) ("Nothing in Rule 24(a) precludes post-judgment or even post-appeal intervention."). Court's have considered Rule 24 motions to intervene for the express purpose of making the movant a party to the action, which would then give the movant the right to file a Rule 59(e) motion. *See, e.g., Cadence Bank, N.A. v. Horry Properties, LLC,* No. 4:10-cv-2717, 2012 WL 2917111 (D.S.C. July 17, 2012) (deciding question of whether to allow intervention so that non-party could thereby be made a party which would then give it the right to move under Rule 59(e)). The Court, of course, need not take such a circuitous route, because

5

**B.      Great Oak's Filing Of A Notice Of Appeal Did Not Divest This Court Of Jurisdiction To Decide The Rule 59(e) Motion.**

Defendants' second argument is that Great Oak's filing of a Notice of Appeal divested this Court of jurisdiction to decide the Rule 59(e) motion. That the general rule is that a filing of a notice of appeal divests a district court of jurisdiction to take further action in the case is not denied. But even Defendants recognize that a Rule 59(e) motion is the exception to this general rule. *See* Doc. 45 at 6; *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 (1982) ("In 1979, the Rules were amended" to give the district court "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed."); Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) — the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

In a case addressing "the propriety of the district court's refusal to accept jurisdiction over [the appellant's] Fed. R. Civ. P. 59 motion, which was filed after [the appellant] noted a timely appeal to this court," the Fourth Circuit explained as follows:

> "Under the 1993 amendments to the Federal Rules of Appellate Procedure, when a party files a timely notice of appeal followed by a timely Rule 59(e) motion, the notice of appeal is tolled and does not become effective to confer jurisdiction on the court of appeals

---

as shown above Great Oak is entitled to seek relief directly from denial of the first motion to intervene. Moreover, although Great Oak's filing of a notice of appeal from the Court's August 12, 2013 order does not prevent the district court from ruling on Great Oak's Rule 59(e) motion (*see* Section B, above), jurisdictional issues would be raised concerning the district court's ability rule on Great Oak's motion were it to be deemed either a Rule 60(b) motion or a renewed intervention motion. All this goes to show that the Court need not and should not place Great Oak in the procedural box conjured by Defendants in their response in opposition to Great Oak's Rule 59(e) motion.

6

> until the entry of an order disposing of the Rule 59 motion. Fed. R. App. P. 4(a)(4), advisory committee's note. We agree with [appellant] that, based on the language of Rule 4, the district court erroneously concluded that it could not exercise jurisdiction over his Rule 59 motion."

*United States v. Silvers*, 90 F.3d 95, 98 (4th Cir. 1996); *see also Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) (a timely filing of a motion listed in Rule 4(a)(4)(A) -- which includes a motion to alter or amend the judgment under Rule 59 – "suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court, and "[t]his holds true regardless of whether the motion was filed before or after the notice of appeal") (footnotes omitted).

Defendants assert that Rule 4 does not apply here based on an opinion by the Southern District of New York -- *Katz v. Berisford In'tl PLC*, 2000 WL 1760965 (S.D.N.Y. 2000). According to Defendants, *Katz* holds that Rule 4 only applies to a Rule 59(e) motion filed by a party, and since Great Oak was not a party, the allocation of jurisdiction between the district court and the appellate court as specified in the appellate rules is inapplicable.

*Katz* makes no such broad ruling. In *Katz*, two creditors sought to intervene for the purpose of moving to amend a final judgment pursuant to Rule 59(e) or 60(b). They filed their motion to intervene, along with a motion to alter or amend judgment, on September 11, 2000. Before the district court ruled on their motion to intervene, the defendant filed a timely notice of appeal. The district court found that because "the filing of a notice of appeal divests [a] district court of jurisdiction and transfers it to the Court of Appeals . . . this court does not have jurisdiction to decide this motion to intervene." *Id.*, at *2.

The intervenors in *Katz* attempted to avoid the jurisdictional problem by citing to Fed. R. App. P. 4(a)(4)(B)(i), asserting that their motion to alter or amend tolled the effectiveness of the notice of appeal. *Id.* The court rejected this argument, holding that Rule 4(a)(4)(B)(i)

7

specifically provides that a notice of appeal will be tolled only if a "party" files a motion to alter or amend. *Id.* The court then observed that Rule 4(a)(4)(B)(i) "does not apply to [the motion to intervene] because the Intervenors are not yet 'parties' to the case." *Id.* The court concluded: "For the Intervenors to file a Rule 59 motion, this Court would have to grant their Rule 24(a) motion, which it cannot do because it does not have jurisdiction to decide that motion." *Id.*

The court's ruling in *Katz* was distinguished on its facts by the Fifth Circuit in *Ross*, which held that "[u]nlike the Rule 59(e) motion in *Katz*, which was filed by non-parties who were seeking to intervene, the Rule 59(e) motion in this case was filed by a party, Kent Mathews. Consequently, we find that *Katz* is inapplicable here, and conclude that the district court properly had jurisdiction to deny Allstate's motion to intervene." *Ross,* 426 F.3d at 753 (emphasis in original omitted) (footnote omitted). Taking the *Ross* ruling one step further to the facts of this case, unlike in *Katz*, the Rule 59(e) motion was filed by a non-party, Great Oak, which *had standing*, as shown in the previous section, to file that motion because it sought reconsideration of this Court's denial of its motion to intervene. The same non-party, Great Oak, is the party that filed the appeal, and thus is the "party" to whom the terms of Rule 4(a)(4)(B)(i) was intended to and does apply.

In short, despite Great Oak's filing of a Notice of Appeal from the Court's August 12, 2013 order, this Court continues to have jurisdiction to rule on Great Oak's subsequently filed Rule 59(e) motion. That this is the case is expressly recognized in the record of this case by the notice sent to this Court by the Fourth Circuit stating that the appeal is being held in abeyance pending this Court's ruling on Great Oak's Rule 59(e) motion.

Respectfully submitted,

**CLONINGER, BARBOUR, SEARSON & JONES, PLLC**

**/s/ W. Scott Jones**
W. Scott Jones
N.C. State Bar No. 18262

**/s/ Frederick S. Barbour**
Frederick S. Barbour
N.C. State Bar No. 12118
21 Battery Park Avenue, Suite 201
Asheville, North Carolina 28801
Phone: (828) 252-5555
Fax: (828) 232-9158

*Attorneys for Movant*

9

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he served the foregoing **GREAT OAK NC LENDER LLC'S REPLY BRIEF IN SUPPORT OF ITS RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT** in the above-entitled action upon all parties to this cause by delivering a copy hereof to the parties or their attorneys of record in the manner shown below.

The following ECF users were served electronically:

> John E. Branch, III
> Shanahan Law Group, PLLC
> 128 E. Hargett Street, Suite 300
> Raleigh, NC 27601
> *Attorney for Defendants*

This the 30th day of September, 2013.

> **/s/Frederick S. Barbour**
> Frederick S. Barbour