# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12-cv-00034-MR-DLH

ASSET HOLDING COMPANY 5, LLC, )
as assignee of UNITED COMMUNITY )
BANK (GEORGIA), )
                                           )
                  Plaintiff, )
                                           )
                vs. )           **MEMORANDUM OF**
                                           )           **DECISION AND ORDER**
MARSHALL E. CORNBLUM, et al., )
                                            )
                Defendants. )
_____ )

**THIS MATTER** is before the Court on Great Oak NC Lender LLC's Rule 59(e) Motion to Alter or Amend Judgment [Doc. 41].

## I. PROCEDURAL BACKGROUND

The issue presented by this case is whether a $10.9 million arbitration award entered on September 20, 2010 against Marshall E. Cornblum, Madeline H. Cornblum, Michael Cornblum, Carolyn Cornblum, and Longbranch Properties, LLC (collectively "Defendants"), based on the Defendants' default under twelve commercial loans ("the Cornblum Loans"), is enforceable or, in the alternative, whether the Defendants are

liable for a deficiency balance under eleven of the original twelve loans that were arbitrated.

This action was brought on August 17, 2012, by Asset Holding Company 5, LLC ("AHC5"), the assignee of United Community Bank ("UCB"), which was the original creditor who made the loans to the Defendants. [Doc. 1]. The Defendants filed their Answer on October 9, 2012, and an Amended Answer on October 30, 2012. [Docs. 6, 7]. AHC5 filed a Motion for Judgment on the Pleadings on December 12, 2012, which motion was fully briefed by January 7, 2013. [Docs. 15, 18, 21].

On May 20, 2013, the Defendants filed a Motion for Leave to file a Second Amended Answer. [Doc. 22]. Briefing on that motion was completed by June 12, 2013. [See Docs. 23, 24, 25].

On June 26, 2013, counsel for AHC5 moved to withdraw from the case. [Doc. 28]. On June 28, 2013, the Court granted counsel's motion and directed AHC5 to retain new counsel within ten days. [Doc. 29]. The order granting counsel's motion to withdraw advised AHC5 that failure to retain new counsel within the stated time period would result in the dismissal of AHCS's case. [Id. at 1]. On July 1, 2013, nonparty Great Oak NC Lender LLC ("Great Oak") filed a motion for intervention as of right. [Doc. 30]. Great Oak's intervention motion was based on its recent

acquisition of a legal interest in the Cornblum Loans that are the subject of these proceedings. [Id.].

On July 2, 2013, the Court extended the pretrial order deadline for filing dispositive motions to August 1, 2013. [Doc. 33]. On July 18, 2013, the Defendants filed their Response opposing Great Oak's intervention motion. [Doc. 34]. On July 25, 2013, the Court granted Great Oak an extension of time, to August 13, 2013, in which to file its reply to the Defendants' response to the motion for intervention. [Doc. 37]. By separate order, the Court also granted the parties a second extension of the pretrial order deadline for filing dispositive motions, to September 1, 2013. [Doc. 38].

On August 12, 2013, the Court entered an Order dismissing this action as a result of AHC5's failure to retain new counsel in the ten-day period ordered by the Court. [Doc. 39]. The Court further denied as moot all other pending motions in the case, including Great Oak's motion to intervene. [Id. at 2].

## II. RELEVANT FACTUAL BACKGROUND

In 2010, UCB assigned the Cornblum Loans and security instruments which are the subject matter of this proceeding to AHC5. UCB extended a loan to AHC5 for the purchase of the Cornblum Loans and security

instruments. UCB and AHC5 subsequently entered into a security agreement ("Security Agreement") with respect to this loan. Pursuant to the Security Agreement, AHC5 granted UCB the right in the event of a default to collect or otherwise enforce any of the "Collateral" identified in the Agreement, and also appointed UCB as its attorney in fact effective upon default by AHC of its obligations to UCB. The Collateral for the Security Agreement between UCB and AHC included the Cornblum Loans, claims arising out of those notes including any deficiency, property pledged as security for those notes, which are the subject of the present proceeding, and the proceeds of any of the foregoing. [Security Agreement, Doc. 31-1].

According to the Motion to Intervene, AHC5 has defaulted on its obligations under the loan from UCB. On June 26, 2013, under the power of attorney granted UCB in the Security Agreement in the event of AHC5's default, UCB sold to Great Oak the Cornblum Loans, including all rights, previously held by AHC5, to proceed to collect or otherwise enforce any and all claims against the Defendants. By its motion to intervene, Great Oak sought to step into the shoes of UCB and enforce UCB's security interests against AHC5 under the Security Agreement. [Doc. 31].

## III. DISCUSSION

As a preliminary matter, the Defendants argue that Great Oak does not have standing to bring a Rule 59(e) motion seeking reconsideration of the Court's Order denying Great Oak's motion for intervention because Great Oak is not a party to the action between AHC5 and the Defendants. [Doc. 45 at 4-5]. While this latter statement may be technically true, Great Oak *was* a party to the motion for intervention and therefore has standing to file a Rule 59(e) motion with respect to the denial of its intervention motion. See United States v. Manville Sales Corp., No. 88 C 630, 2005 WL 526695, at *1 (N.D. Ill. Mar. 2, 2005). Accordingly, the Defendants' argument that Great Oak lacks standing to assert the present motion is without merit.

Next, the Defendants argue that Great Oak's filing of a Notice of Appeal divested this Court of jurisdiction to decide the Rule 59(e) motion. While the general rule is that the filing of a notice of appeal divests a district court of jurisdiction, see Levin v. Alms and Assocs., Inc., 634 F.3d 260, 263 (4th Cir. 2011), the Federal Rules of Appellate Procedure explicitly recognize an exception to this rule for Rule 59(e) motions, see Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule

4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); Fed. R. App. P. 4(a)(4)(A)(iv) (referencing Rule 59(e) motions to alter or amend judgment). The Fourth Circuit expressly recognized the applicability of this exception to the present case in the notice sent to this Court stating that Great Oak's appeal would be held in abeyance pending this Court's ruling on the Rule 59(e) motion. [See Doc. 44]. The Defendants' argument that the Court lacks jurisdiction to consider Great Oak's Rule 59(e) motion, therefore, is without merit.

Having determined that Great Oak has standing to seek the alteration or amendment of the Court's Order of Dismissal, at least to the extent that it disposed of Great Oak's intervention motion, and having determined that the Court has jurisdiction despite the filing of the Notice of Appeal, the Court now turns to the merits of Great Oak's Rule 59(e) motion.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a judgment may be altered or amended in order: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of this Rule is to "permit[ ] a district court

to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citation and internal quotation marks omitted). Rule 59(e) motions, however, should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010).

Upon careful consideration of Great Oak's motion, the Court concludes that the Court's denial of the intervention motion on the basis of mootness was in error. The dismissal of the underlying lawsuit because of ACH5's procedural default did not eliminate the contested issue between Great Oak and the Defendant as to whether Great Oak had established a right to intervene. See DBSI/TRI IV Ltd. P'ship v. United States, 465 F.3d 1031, 1037 (9th Cir. 2006) (holding that dismissal of underlying lawsuit did not moot appeal from denial of motion to intervene, noting that "the intervention controversy is still alive"). Accordingly, the Court will grant Great Oak's Rule 59(e) motion and vacate that part of the Order of

Dismissal denying Great Oak's motion to intervene as moot so that the motion can be considered on its merits.

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, "a district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.'" Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991)). The decision to allow or deny an intervention motion is a matter within the district court's discretion. See In re Sierra Club, 945 F.2d 776, 779 (4th Cir. 1991).

The Court concludes that all of these elements are met here. Great Oak has an interest in the subject matter of this action by reason of the security agreement between UCB and AHC and the default by AHC on its payment obligations to UCB. Further, an adverse determination in this action would practically impair or impede Great Oak's ability to protect that interest. Finally, Great Oak's interests are not adequately represented by existing parties to the action because AHC5 has been dismissed for failure to retain substitute counsel as ordered by the Court. Thus, AHC5 cannot

represent *any* interests in this action, much less the interest of Great Oak. Even if AHC5 remained a party to the action, the interests of Great Oak and AHC5 would be adverse due to AHC5's default to UCB.

The Defendants contend that Great Oak's motion should be dismissed outright because it was not accompanied with a pleading setting out the claim for which intervention is sought. [Doc. 34 at 2]. While Rule 24(a)(2) does require a motion to intervene to be accompanied by a pleading setting out the claim or defense for which intervention is sought, the failure to attach such a pleading is not necessarily fatal. The Fourth Circuit has stated that such defects may be disregarded so long as they do not prejudice the non-moving party. See Spring Constr. v. Harris, 614 F.2d 374, 376-77 (4th Cir. 1980) ("Although some cases have held that intervention should be denied when the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects."). While the better practice would have been for Great Oak to file a proposed pleading with its motion, the motion to intervene makes clear that Great Oak's claims are identical to those asserted by AHC5 and that by intervening in the action Great Oak seeks to "step into the shoes" of AHC5 as the new owner of the Cornblum loans. See Diagnostic Devices, Inc. v. Tiadoc Tech. Corp., 257 F.R.D. 96, 101

(W.D.N.C. 2009) ("Although the proposed intervenors have not attached a pleading setting out the claim or defense for which intervention is sought, the motion itself makes it quite clear that [the plaintiff's] request for injunctive relief in the amended complaint is the claim that concerns the proposed intervenors. To the extent that the rule requires that the pleading be attached to the motion to intervene, such omission may easily be resolved."). Further, to the extent that any ambiguity remains as to the relief sought by Great Oak's intervention motion, Great Oak subsequently submitted in support of its Rule 59(e) motion an Amended Motion to Intervene, along with a proposed Intervenor Complaint. Thus, the Defendants cannot claim to be prejudiced by Great Oak's technical error.

The Defendants further object to Great Oak's intervention motion on the grounds that the motion was not timely and that Great Oak does not have an interest in the subject matter of the action. [Doc. 34 at 3]. As discussed above, however, Great Oak's interest in this matter arises from its acquisition of the Cornblum Loans. Moreover, Great Oak filed its motion to intervene just days after acquiring the instruments giving rise to its claims against the Defendant and before the Order dismissing the underlying action based on AHC5's failure to retain substitute counsel.

Accordingly, the Defendants' arguments opposing Great Oak's intervention are without merit.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Great Oak NC Lender LLC's Rule 59(e) Motion to Alter or Amend Judgment [Doc. 41] is **GRANTED**, and the Order of Dismissal entered August 12, 2013 [Doc. 39] is **VACATED IN PART** with respect to the denial of Great Oak's Motion to Intervene as moot. In all other respects, the Order of Dismissal remains undisturbed.

**IT IS FURTHER ORDERED** that the Motion to Intervene [Doc. 30] is **GRANTED**, and Great Oak NC Lender LLC shall file its Intervenor Complaint within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: October 31, 2013

Martin Reidinger
United States District Judge