**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12 CV 34**

| | | |
|---|---|---|
| **GREAT OAK NC LENDER, LLC,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **ORDER** |
| **v** | ) | |
| | ) | |
| **MARSHALL E. CORNBLUM and wife,** | ) | |
| **MADELINE H. CORNBLUM; MICHAEL** | ) | |
| **CORNBLUM and wife, CAROLYN** | ) | |
| **CORNBLUM; and LONGBRANCH** | ) | |
| **PROPERTIES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the undersigned pursuant to an Order (#66) entered by this Court in which the Plaintiff was ordered to file a response disclosing the names and citizenships, if any, of all of the constituent members or partners of the Plaintiff Great Oak NC Lender, LLC and the response (#72) made by the Plaintiff to that Order. In its response, the Plaintiff reports that the sole member of Great Oak NC Lender, LLC, that being Great Oak Pool I, LLC, "has a complex membership structure of multi-tiered entities which ultimately roll-up to private investors. The identities of the private investors are confidential, which is why Great Oak is not in a position at this time to establish complete diversity of citizenship were the Court to consider the relevant citizenship to be that of Great

Oak". In further responding to the Order, the Plaintiff has referred the Court to the holding of the United States Supreme Court in *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991) in which the United States Supreme Court stated:

> Our decision last Term in *Carden* considered whether the citizenship of limited partners must be taken into account in determining whether diversity of jurisdiction exists in an action brought by a limited partnership. The original plaintiff in *Carden* was a limited partnership; diversity of jurisdiction, the, depended upon whether complete diversity of citizenship existed at the time the action was commenced. But nothing in *Carden* suggests any change in the well-established ruled that diversity of citizenship is assessed at the time the action is filed. We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction is not divested by subsequent events.

At the time the Complaint was filed in this matter, the Plaintiff was Asset Holding Company 5, LLC and which was a limited liability company whose citizenship was diverse from the Defendants. Thus, diversity of citizenship was established at the time the original action in this matter was filed.

The Defendants have failed to file any objections or other response to the disclosure of the Plaintiff (#72) and the undersigned has determined that the Order (#66) ordering the Plaintiff to make disclosures of its constituent members should be rescinded.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Order (#66) entered by the Court directing the Plaintiff to disclose the names and citizenships of its constituent members or partners is hereby **RESCINDED**.

Signed: May 28, 2014

Dennis L. Howell
United States Magistrate Judge